**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4769**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

TRAVIS STRICKLAND,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:11-cr-00378-WO-1; 7:98-cr-00082-BO-14)

Submitted:  June 18, 2015         Decided:  June 22, 2015

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Todd Allen Smith, LAW OFFICE OF TODD ALLEN SMITH, Graham, North Carolina, for Appellant.  Clifton Thomas Barrett, Harry L. Hobgood, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Travis Strickland of conspiracy to distribute cocaine and cocaine base, 21 U.S.C. § 846 (2012), and use of a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1) (2012). He was sentenced to 248 months' imprisonment, followed by a 5-year term of supervised release. The district court subsequently granted Strickland a sentence reduction to time served. After his release, Strickland's probation officer petitioned for revocation of Strickland's supervised release. At the revocation hearing, Strickland admitted the alleged violations. The district court sentenced him to 9 months of imprisonment, followed by a 3-year term of supervised release. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether Strickland's revocation sentence is reasonable. Strickland was informed of his right to file a pro se supplemental brief, but he has not done so. Finding no error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). A revocation sentence that "is within the statutory maximum and is not 'plainly unreasonable'" will be affirmed on appeal. Id. (quoting United States v. Crudup, 461 F.3d 433, 438 (4th Cir.

2

2006)). In so evaluating a sentence, we assess it for reasonableness, utilizing "the procedural and substantive considerations" employed in evaluating an original criminal sentence. Crudup, 461 F.3d at 438.

A revocation sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors enumerated in 18 U.S.C. § 3583(e) (2012). Crudup, 461 F.3d at 439. The district court also must provide an explanation for its chosen sentence, but the explanation "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A revocation sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440. Only if we find a sentence to be procedurally or substantively unreasonable will we determine whether the sentence is "plainly" so. Id. at 439.

Here, the district court considered the parties' arguments, Strickland's allocution, the statutory maximum sentence upon revocation, and the relevant statutory factors before sentencing Strickland at the top of the policy statement range. The district court further provided an explanation tailored to

3

Strickland, focusing specifically on the nature and circumstances of his violations of supervised release. We therefore conclude that Strickland's sentence is neither procedurally nor substantively unreasonable and, therefore, is not plainly so.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Strickland, in writing, of the right to petition the Supreme Court of the United States for further review. If Strickland requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Strickland. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED